UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| LAURANCE COLEMAN MOSHER, JR., | § Case No.: 17-34430 |
| | § |
| | § Chapter 13 |
| Debtor. | § |

UNITED STATES OF AMERICA'S (INTERNAL REVENUE SERVICE)
MOTION FOR RELIEF FROM THE STAY REGARDING DISTRICT COURT CASE

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST SEVEN (7) DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON OCTOBER 10, 2017 AT 10:00 A.M. IN COURTROOM 600, 6TH FLOOR, 515 RUSK AVE., HOUSTON, TEXAS 77002.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY COURT:

1. The United States, on behalf of the Internal Revenue Service (IRS), files this motion, pursuant to Section 362(d)(1) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure Rule 4001, and Bankruptcy Local Rule 4001-1 for an order for relief of the stay to allow the foreclosure suit in the district court to proceed as set forth below.

2. Specifically, the United States is asking for an Order to allow the district court case, *United States v. Laurance C. Mosher, Jr., et al,* Case No. 4:16-cv-000369 (S.D. Tex. 2016) to go forward. In the district court case the United States seeks to reduce Mr. Mosher's income tax assessments to judgment and to foreclose the federal tax liens against his residence located at 407 Greencove, Houston, Texas.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this bankruptcy case, the parties, and property affected, pursuant to 28 U.S.C. §§ 157(b) and 1334.  The Court has constitutional authority to enter a final order modifying the automatic stay.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

4. During the late 1990 and early 2000's, Debtor Laurance Mosher, failed to file income tax returns and pay income taxes.  Eventually Debtor filed his returns late but still did not pay the tax shown as due on the returns.

5. The IRS filed notices of federal tax liens and demanded that Debtor pay the delinquent tax he owed, but the taxes were not paid.

6. In 2016, the IRS requested that the United States Department of Justice file a suit in federal district court to collect the delinquent taxes from Mr. Mosher.

7. On February 11, 2016, the United States filed a suit in the Southern District of Texas, Houston Division (Case Number 4:16-cv-00369) seeking to reduce to judgment delinquent income taxes owed by Mosher for tax years 1997, 1998, 2000, 2001 and 2002 and to foreclose federal tax liens on his residence ("the Foreclosure Suit").  The complaint listed delinquent tax in the amount of $968,001.16 through January 18, 2016. (Foreclosure Suit Complaint attached as Exhibit 1.)

8.  Parties who may have an interest in the real property to be foreclosed on were named as defendants in the suit.  Those interested parties are Debtor's wife, Gaia Mosher, Harris County Tax Collector Assessor and Spring Branch ISD Tax Assessor.[1]

9. On March 16, 2017, the United States and Mosher entered into a settlement agreement. Under the agreement, Mr. Mosher was to make a payment within 120 days (or by July 14, 2017) in lieu of the United States foreclosing the tax lien on the subject property. Additionally, under the agreement, if Mr. Mosher did not make the payment, the parties agreed to the entry of an agreed judgment that Mr. Mosher owed the subject income taxes and that the United States could foreclose its federal tax liens on the property, sale the property and apply the proceeds to his tax liability.

10. Mr. Mosher informed the United States that he would not be able to make the settlement payment in the time allowed under the settlement agreement because he was unable to obtain a reverse mortgage as planned.  Accordingly, he defaulted the settlement agreement.

11. On or about July 19, 2017, the United States informed Mr. Mosher that it intended to file the Agreed Judgment.  (*See* Foreclosure Suit Joint Status Report attached as Exhibit 2 at page 1.)  The Debtor did not oppose the entry of the Agreed Judgment, but notified the United States that he had filed a bankruptcy case.  (*See* copy of the unfiled Agreed Judgment attached as Exhibit 3 and an email from Mr. Mosher's attorney who represents him in the Foreclosure suit attached as Exhibit 4.)

12. The Debtor filed a voluntary Chapter 13 Petition on July 24, 2017 (ECF No. 1).

---

[1] Notice of this Motion has been sent to all Foreclosure Suit defendants.

13. The United States filed a Suggestion of Bankruptcy in the Foreclosure Suit on July 28, 2017. (United States' Suggestion of Bankruptcy attached as Exhibit 5.)

14. The IRS filed its proof of claim on August 17, 2017, which reflects a secured claim of $969,353.95 and a priority claim of 12,435.73.² (The Claim is attached as Exhibit 6.) The IRS's secured claim is secured by the Debtor's residence which is valued at $2,350,000 by the Debtor on his Schedules. (ECF No. 14, page 1.)

15. The Debtor filed a proposed plan of reorganization on August 7, 2017. (ECF No. 15). The plan proposes to pay $1,000 per month for 33 months to be distributed between the secured creditors pro-rata. Thus, the United States would receive approximately $29,700 by the 36th month.³ The debtor proposes to pay the remaining balance of approximately $931,300 in a lump sum payment in month 36 of the plan. ECF No. 15 at page 8, ¶17.

16. The source of the alleged lump sum part is to be a reverse mortgage against Debtor's residence. *Id.*

17. The United States has filed an objection to the Debtor's plan (ECF No. 25). As a matter of law, the plan cannot be confirmed, because the minimal monthly payments followed by a lump sum payable in the 36th month of the plan, violates the requirement that a secured claim be paid in full within the term of the plan in equal regular monthly payments with interest, pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii). *See In re DiSardi*, 340 B.R. 790, 805-810 (Bankr. S.D. Tex.2006)( ("The Court understands § 1325(a)(5)(B)(iii)(I) to require payments to be equal once they begin, and to continue to

---

² Debtor lists the IRS secured claim as $961,261. *See* Schedule D, ECF No. 14, at page 45.

³ The total secured claims are $1,068,207.78 of which $961,261 is the IRS claim. *See* Debtor's Schedule D (ECF No. 15, pages 44-47) and his plan (ECF No. 14, page 7.) Accordingly, the IRS claim is approximately 90% of the secured claims, thus, the IRS would receive approximately $900 per month for 33 months or approximately $29,700.

be equal until they cease.") *In re Redden*, 2011WL2292312, *4 (Bankr. S.D. Tex. 2011); *In re Hamilton*, 401B.R. 539 (1st Cir. BAP 2009); *In re Henning,* 420 .B. 773, 788 (Bankr. W.D. Tenn. 2009); *In re Merhi*, 518 B.R. 705, 712 (Bankr. EDNY 2014) (citations omitted) (Debtor's proposal to make a lump sum payment to creditors is in contravention of the "equal monthly payments" requirement.)

18. The plan also fails the requirement of feasibility.  Debtor's inability to make the required payments under the plan is uncertain and speculative in violation of § 1325(a)(6).  The debtor must "be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6).  Courts have consistently determined that a lump sum payment near the end of a plan makes a plan not feasible.  *In re Gundrum,* 509 B.R. 155, 163 (Bankr. S.D. Ohio 2014)(citations omitted.)  Further, the Debtor's ability to obtain a reverse mortgage in 36 months is, at best, speculative.  Debtor attempted to and was unable to obtain a reverse mortgage in February 2017. There is no guarantee that Debtor will be able to obtain a reverse mortgage, and based on his disposable income, Debtor cannot make payments necessary to pay the IRS claim in full during the life of the plan in equal monthly payments.  Lacking feasibility, the plan cannot be confirmed.

19. Movant certifies that prior to filing this motion the undersigned conferred with Debtor's counsel by telephone on September 11, 2017.  An agreement could not be reached.

## BASIS FOR REQUESTED RELIEF

**Allowing a matter to proceed in another forum may constitute cause.**

On request of a party in interest and after notice and a hearing, this Court has the authority to lift the automatic stay for "cause." 11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not define "cause," and a determination of what constitutes "cause" is left to the court's discretion.  *In re*

*Chesnut*, 422 F.3d 298, 303 (5th Cir. 2005)(citing *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004); *see also In re Mirant Corp.*, 440F.3d 238, 235 (5th Cir. 2006)([I]n the past we have noted that this lack of definition [of "cause" under § 362(d)(2)] affords flexibility to the bankruptcy courts.")(internal quotations omitted.)  "Whether cause exists must be determined on a case by case basis based on an examination of the totality of the circumstances." *In re Rashad*, 2010 WL 4976949, *4 (Bankr. S.D. Tex. 2010). In addition, when determining if "cause " exists, courts "generally consider the policies underlying the automatic stay in addition to the competition interests of the debtors and the movant." *Prince v. CMS Wireless LLC,* 2012 WL 105001, at *3 (E.D. Tex. 2012) (internal citations and quotations omitted).  To that end, "[c]ause may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtors or other creditors." *Id.*

Allowing a matter to proceed in another forum may constitute cause.  *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex 2014)(citation omitted.)  In determining whether to lift the automatic stay to allow litigation against a debtor to proceed in another forum, bankruptcy courts consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor and whether the creditor has a probability of prevailing on the merits of the case*.  In re Lavender*, 2014 WL 4658726, *2 (Bankr. S.D. Tex. 2014)citing *In re Namazi*, 106 B.R. 93 (Bankr. E.D. Va. 1989).

Not all factors may be relevant to each case.  Further, the decision to lift the stay may be upheld on judicial economy grounds alone. *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex 2014)citing *In re United States Brass Corp,* 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994).

In the Foreclosure suit Debtor and the United States have entered into a settlement agreement that provides for the filing of an agreed judgment. Thus, no remaining issue remains in the Foreclosure suit[4] and the United States will prevail on the merits based on the agreement between the parties. The continuance of the stay prejudices the United States because it delays the foreclosure and sale of the property which Debtor agreed to in the settlement. Debtor will not be harmed because he agreed to the judgment and has already been afforded the opportunity to obtain a reverse mortgage. Debtor cannot confirm his plan which is based on a lump sum payment funded by an alleged reverse mortgage he will obtain in three years. He was allowed this opportunity in the Foreclosure suit and failed. Further, the other creditors will not be prejudiced because they are parties to the Foreclosure suit.[5] Granting this motion is in the interest of judicial economy and the expeditious and economical resolution of litigation. The District Court is ready to proceed and enter judgment. The costs and efforts required by Debtor is minimal.

**Cause to lift stay exists if Debtor's proposed Chapter plan is not feasible.**

Another ground for cause is that Debtor is unable to confirm a plan. *See In re Gundrun*, 509 B.R. 155, 163 (Bankr. S.D. Ohio 2014)(citations omitted); *see also In re Redden*, 2011 WL 2292312, *4 (Bankr. S. D. Tex. 2011)(Holding that since Debtor's plan does not provide for equal payments to Movant because of large balloon payment, the plan is not confirmable and the automatic stay is lifted.) *See also In re Tate*, 217 B.R. 518, 521 (Bankr. E.D. Tex. 1997)(In response to the motion to lift stay Debtors must prove not only that the property was necessary

---

[4] A settlement has also been reached with the taxing authorities. An issue remains regarding Gaia Mosher's interest in the proceeds of a sale. However, the United States believes the parties will also enter into a settlement with Ms. Mosher.

[5] In this Bankruptcy case, the only secured creditors listed are the parties in the Foreclosure Suit (United States and taxing authorities). The unsecured creditors listed are Debtor's attorney, student loan, and seven credit card creditors (and debtor disputes five of these claims.) ECF No. 14, pages 44-53.

for an effective reorganization but that there is a "reasonable possibility of a successful reorganization within a reasonable time.")(citations omitted). Debtor's proposed plan violates § 1325(a)(5) because it does not propose equal periodic payments. Additionally, the proposed plan is not feasible.[6] Debtor will not be able to make the necessary payment to the United States in full during the life of the plan. Accordingly, the stay should be lifted to allow the Foreclosure suit to go forward.

**Cause exists to lift stay because Debtor proposed his plan in bad faith.**

Lack of good faith may constitute "cause" for lifting the stay. *In re JCP Properties, Ltd*, 540 B.R. 596, 614 (S.D. Tex 2015) *citing Matter of Little Creek Development*, 779 F.2d 1068, 1071-1073 (5th Cir. 1986). In this case the bankruptcy was filed to stop the United States from foreclosing its lien against the property, although debtor had agreed to the foreclosure. Debtor proposes a plan that is not confirmable and based on his schedules, he lacks the ability to reorganize. The proposed plan provides that the United States must wait three years to be paid and there is no guarantee that the payment will be made at that time. In contrast, the settlement agreement in the Foreclosure suit between the United States and the Debtor allows for immediate foreclosure. In determining the fairness and equity of a plan proposal – i.e. its "good faith" one must consider the risks to be borne by creditors if the proposed plan payments were not made. *In re Soppick*, 516 B.R. 733, 752 (Bankr. E.D. Pa 2014).

---

[6] *See* paragraphs 17 and 18 above and the United States Objection to Confirmation. ECF No. 25.

Wherefore, the United States respectfully requests that the stay be lifted to allow the District Court case to proceed and for such other and further relief to which it may be entitled.

Dated:  September 21, 2017.

                ABRAN MARTINEZ
                ACTING UNITED STATES ATTORNEY

                /s/ Stephanie M. Page
                STEPHANIE M. PAGE
                State Bar No. 13428240
                Attorney, Tax Division
                U.S. Department of Justice
                717 N. Harwood St., Suite 400
                Dallas, Texas 75201
                Phone: (214) 880-9749
                Fax: (214) 880-9741
                Stephanie.M.Page@usdoj.gov

                ATTORNEYS FOR THE UNITED STATES (IRS)

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by electronic mail by the clerk or by regular mail on this 21st day of September, 2017 as follows:

*Electronic mail:*

J. Thomas Black
2600 S. Gessner  Rd. Suite 110
Houston, Texas 77063

David G. Peake
Chapter 13 Trustee
9660 Hillcroft, Suite 430
Houston, Texas 77096

US Trustee
515 Rusk Ave., Suite 3516
Houston Texas 77002

*Regular mail:*

Laurance C. Mosher, Jr.
407 Greencove Street
Houston, Texas 77024

Mary Wood
Joel Crouch
Meadows, Collier, Reed, Cousins, Crouch & Ungerman, LLP
901 Main Street, Suite 3700
Dallas, Texas 75202
Attorneys for Laurance C. Mosher

Jaime Vasquez
Chamberlain Hrdlicka White Williams & Aughtry
112 East Pecan St, Suite 1450
San Antonio, Texas 78209
Attorney for Gaia Mosher

Lori Gruver
Linebarger, Goggan, Blair & Sampson, LLP
P.O. Box 17428
Austin, Texas 78760
Attorney for Harris County Taxing Authorities

Owen M. Sonik
Perdue, Brandon, Fielder, Collins & Mott, LLP
1235 N. Loop W., Suite 600
Houston, Texas 77008
Attorney for Spring Branch Taxing Authorities

Liza A. Greene
Laura Dale & Assoc., P.C.
1800 St. James Place, Suite 620
Houston, Texas 77056

      /s/ Stephanie M. Page
      STEPHANIE M. PAGE